IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PARKER-HANNIFIN CORP. and** | : | |
| **PARKER INTANGIBLES, LLC,** | : | CIVIL ACTION |
|    Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| **TESTO, INC., a/k/a TESTO** | : | |
| **NORTH AMERICA and** | : | |
| **TESTO SE & Co. KGaA,** | : | No. 22-135 |
|    Defendants. | : | |

MEMORANDUM

**Schiller, J.**                                                                                           **April 24, 2023**

Plaintiffs Parker-Hannifin Corporation and Parker Intangibles, LLC (collectively, "Plaintiffs" or "Parker-Hannifin") sue Defendants Testo, Inc., Testo SE & Co. KGaA (collectively, "Defendants" or "Testo") for Testo's alleged infringement of two Parker-Hannifin patents. Testo answered Parker-Hannifin's Complaint and asserted counterclaims for non-infringement and patent invalidity. Parker-Hannifin moves to dismiss the counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6). Testo opposes the motion. For the reasons that follow, the Court grants Parker-Hannifin's motion in part and denies it in part.

**I.   BACKGROUND**

Parker-Hannifin is a global manufacturer of heating, ventilation, air conditioning, and refrigeration systems. (Compl., ECF 1, ¶ 6.) It owns U.S. Patent No. 10,281,183 (the "'183 patent") for a "Hose Free Sensor System for Refrigeration Unit" and No. 10,739,051 (the "'051 patent") "Hose Free System for Refrigeration Unit" (collectively, the "Patents.") (*Id.* ¶¶ 1, 12-15; ECF 1-3, 1-4.) Parker-Hannifin sells products under these Patents through one of its divisions. (*Id.* ¶ 17.) Testo imports and/or manufactures other HVAC products. (*See id.* ¶ 19; ECF 1-5, 1-6.) Parker-Hannifin alleges some Testo products infringe on certain claims of the '051 and '183 patents. (*Id.*

1

¶¶ 20-21, 23-25, 33-34.) But, in its counterclaims, Testo seeks declarations of noninfringement and patent invalidity. (Answer, ECF 12, at ¶¶ 18-39.)

Parker-Hannifin contends the non-infringement counterclaim fails to plead sufficient facts to plausibly allege non-infringement of either the '183 Patent or the '051 Patent. (Pls.' Mot. to Dismiss First and Second Counterclaims, ECF 16 at 5.) It also moves to dismiss the invalidity counterclaim for failure to plead facts to plausibly support allegations of patent invalidity as to either patent. (*Id.*) In response, Testo argues it has pleaded sufficient facts to make its counterclaims plausible. (Defs.' Opp'n to Mot. to Dismiss First and Second Counterclaims, ECF 17.)

## II.  STANDARD OF REVIEW

In deciding motions to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all well-pleaded allegations and make all reasonable inferences in favor of Testo. *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021). Courts use the same standard when ruling on a motion to dismiss a counterclaim under Rule 12(b)(6). *RAH Color Techs. LLC v. Ricoh USA Inc.*, 194 F. Supp. 3d 346, 348 (E.D. Pa. 2016); *Princeton Digit. Image Corp. v. Konami Digit. Ent. Inc.*, No. 12-1467, 2017 WL 239326, at *3 (D. Del. Jan. 19. 2017), *report and recommendation adopted*, No. 12-1461, 2017 WL 119642 (D. Del. Mar. 30, 2017) (Stark, J.). Pleadings "require only a short and plain statement of the claim showing that the pleader is entitled to relief" and need not contain "detailed factual allegations." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232-34 (3d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). To survive Parker-Hannifin's motion to dismiss, Testo must allege enough factual matter, taken as true, to suggest the required elements of its counterclaims and raise a reasonable expectation that discovery will reveal evidence of these elements. *Id.*; *see also Oakwood Lab'ys*, 999 F.3d at 904. In turn, the Court must "draw on its judicial experience

and common sense" to find, at minimum, "a reasonable inference that the plaintiff is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

**III.   DISCUSSION**

   **A. The Court dismisses Testo's non-infringement counterclaim with leave to amend.**

Parker-Hannifin moves to dismiss Testo's first counterclaim requesting a declaratory judgment of non-infringement of the Patents. It argues Testo fails to include any factual statements as to "why" or "how" it does not infringe any of Parker-Hannifin's Patents. (ECF 16 at 6.) Testo responds that "it is axiomatic that one cannot infringe an invalid patent" and maintains its factual allegations in the second counterclaim based on invalidity support its non-infringement counterclaim. (ECF 17, at 5.) Testo mischaracterizes the relationship between counterclaims for invalidity and non-infringement, and the Court dismisses its non-infringement claim with leave to amend.

Testo cites *Commil USA, LLC v. Cisco Systems, Inc.*, for the proposition that "one cannot infringe an invalid patent," 720 F.3d 1361, 1368 (Fed. Cir. 2013), but the Federal Circuit's decision was vacated and overturned by the Supreme Court on appeal. *See Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 647 (2015). The Supreme Court explained that "[w]hen infringement is the issue, the validity of the patent is not the question to be confronted." *Id.* at 643. Rather, "[a] party seeking declaratory judgment of invalidity presents a claim *independent* of the patentee's charge of infringement." *Id.* (quoting *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 113 (1993)) (emphasis added and internal quotations omitted). "An accused infringer 'may prevail either by successfully attacking the validity of the patent or by successfully defending the charge of infringement.'" *Commil USA*, 575 U.S. at 643 (quoting *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 344 (1980)). The Court clarified that, instead, "the long-accepted truth—perhaps the

axiom—[is] that infringement and invalidity are separate matters under patent law." *Commil USA*, 575 U.S. at 643; *see also Avocent Huntsville, LLC v. ZPE Sys., Inc.*, No. 17-4319, 2018 WL 4859527, at *8 (N.D. Cal. July 23, 2018) (discussing the relationship between counterclaims seeking declaratory judgments for invalidity and non-infringement).

If Testo's counterclaims are appropriately considered as "separate matters under patent law," it fails to include sufficient facts to support its non-infringement counterclaim. *See Commil USA*, 575 U.S. at 643. Testo alleges it "has not, directly or indirectly, infringed, contributed to infringement by, another, or actively induced others to infringe any valid or enforceable claim" of the Patents. (ECF 17 at p. 14, ¶¶ 26-27.) It further alleges it "has not infringed any claim of the" Patents "either literally or under the doctrine of equivalents." (*Id.* p. 14, ¶¶ 28-29.) Testo's allegations are nearly identical to those in *RAH Color*, a decision rendered after the Supreme Court's decision in *Commil*, where the court dismissed the defendant's threadbare non-infringement counterclaim for failure to include sufficient facts. 194 F. Supp. 3d at 351-52; *see also Princeton Dig. Image Corp.*, 2017 WL 239326, at *5 (dismissing a non-infringement counterclaim with nearly identical allegations). The Court dismisses Testo's non-infringement counterclaim because it too lacks the particularity required to make it plausible. Since it is not clear amendment would be inequitable or futile, Testo may amend its non-infringement counterclaim to add the supporting facts required to state a claim for relief. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

**B. Testo adequately pleads its counterclaim for patent invalidity.**

Parker-Hannifin seeks dismissal of Testo's counterclaim for a declaratory judgment of patent invalidity arguing it should also be dismissed for failure to state a claim. (ECF 16 at 6-7.) Testo responds that it has set forth sufficient facts to support this claim, directing the Court to

several prior art references it alleges invalidate both Patents. (ECF 17 at 4.) The Court agrees that Testo has provided Parker-Hannifin with sufficient notice of the grounds underlying its invalidity counterclaim such that it can withstand dismissal. Parker-Hannifin cites *RAH Color* for the proposition that a mere recital of the elements of patent invalidity is insufficient to survive a motion to dismiss. (ECF 16 at 7.) In *RAH Color*, the Court dismissed the defendant's invalidity counterclaims because it "pled no facts to support its claim" and "neglected to identify a distinct legal basis for its claims, choosing instead to assert that five sections of Title 35 of the United States Code (§ 101, § 102, § 103, § 112, and § 132) may make [the p]laintiff's asserted patents invalid." 194 F. Supp. 3d at 351. Testo points to a similarly broad legal basis for its invalidity claims, alleging "the '183 Patent is invalid for failure to comply with the conditions and requirements of patentability set forth in the patent statutes including 35 U.S.C. §§ 101, 102, 103, 112, and/or 116." (Counterclaims, ECF 12, ¶ 33.) It also generally alleges the '051 patent is invalid "under 35 U.S.C. § 102 and/or 35 U.S.C. § 103." (*Id.* ¶ 35.) But unlike in *RAH Color*, Testo's counterclaim identifies several prior art references or prior sales that allegedly invalidate the Patents. (*See* ECF 12, ¶¶ 34-35.) Testo also attaches the relevant prior art references or prior sales as exhibits to its Answer. (Exhibits, ECF 12-1 to 12-8, Ex. 1-8.) These allegations and accompanying exhibits are just enough to "nudge" the invalidity counterclaim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The Court denies Parker-Hannifin's motion to the extent that it seeks to dismiss the second counterclaim. *Cf. CryoLife, Inc. v. C.R. Bard, Inc.*, No. 14-559, 2015 WL 1069397, at *4 (D. Del. Mar. 10, 2015) (denying motion to dismiss invalidity counterclaim that provided sufficient notice of its underlying grounds by identifying the patent at issue, the specific statutory basis of invalidity, and examples of invalidating prior art); *The Beer Barrel, LLC v. Deep Wood Brew Prods., LLC*, No. 16-440, 2016

WL 5936874, at *6 (D. Utah Oct. 12, 2016) (same); *Polaris PowerLED Techs., LLC v. Nintendo Co., Ltd.*, No. 22-386, 2022 WL 3646575, at *5 (W.D. Wash. Aug. 24, 2022) (denying motion to dismiss invalidity counterclaim that provided sufficient notice of its underlying grounds by identifying the patent at issue, the specific statutory basis of invalidity, and the conditions of patentability and other allegations relating to invalidity).

### IV.  CONCLUSION

For the foregoing reasons, Testo's patent invalidity counterclaim may proceed and its non-infringement counterclaim is dismissed with leave to amend to the extent it can plead sufficient facts to state a claim consistent with this Memorandum.

An appropriate Order will be docketed separately.